Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
Scott Alan Burroughs (SBN 235718)
scott@donigerlawfirm.com
Trevor W. Barrett (SBN 287174)
tbarrett@donigerlawfirm.com
Justin M. Gomes (SBN 301793)
jgomes@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFERY R. WERNER, an individual,<br><br>Plaintiff,<br><br>v.<br><br>PENSKE MEDIA CORPORATION, a Delaware Corporation; HOLLYWOODLIFE.COM, LLC, individually and doing business as "HOLLYBABY.COM"; and DOES 1-10, inclusive,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR**:<br><br>1. COPYRIGHT INFRINGEMENT<br><br>2. VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT<br><br>3. VIOLATIONS OF THE DIGITAL MILLENNIUM COPYRIGHT ACT (17 U.S.C. §1202)<br><br>JURY TRIAL DEMANDED |

Plaintiff, Jeffery R. Werner ("Werner"), by and through his undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

# INTRODUCTION

This is a clear-cut case of copyright infringement. Penske Media Corporation ("Penske"), a prominent media corporation misappropriated a photograph and published this photograph on its website. Despite being a prominent corporation in the business of distributing multimedia content, Penske entirely disregarded Werner's intellectual property rights. This action follows.

# JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 *et seq*.

2. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b).

3. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

# PARTIES

4. Werner is an individual residing in California.

5. Plaintiff is informed and believes and thereon alleges that Defendant Penske Media Corporation ("Penske") is a Delaware corporation that does business in and with the state of California.

6. Plaintiff is informed and believes and thereon alleges that Defendant Hollywoodlife.com, LLC is a Delaware limited liability company that does business as "HollyBaby" (collectively "Hollywoodlife") in and with the state of California.

7. Defendants DOES 1 through 10, inclusive, are other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants 1 through 10, inclusive, are presently unknown to Plaintiff,

who therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

8. Plaintiff is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

## CLAIMS RELATED TO "WOLF GIRL" IMAGE

9. Plaintiff owns a photograph depicting a young girl in Thailand with a rare genetic condition known as Ambras syndrome – causing her to grow hair on her face (the "Subject Photograph"). The Subject Photograph was published and registered with the United States Copyright Office before the infringement at issue. The Subject Photograph is set forth below.

10. Plaintiff's investigation revealed that Defendants published and hosted posts on their websites, hollywoodlife.com and hollybaby.com, that incorporated unauthorized copies of the Subject Photograph (the "Subject Posts").

11. True and correct representations of the Subject Photograph, and the corresponding photographs from the Subject Posts are set forth below:

**SUBJECT PHOTOGRAPH:**



**SUBJECT POSTS INFRINGING USES:**







4
COMPLAINT



///

///

12. Plaintiff is informed and believes and thereon alleges that the copied images of the Subject Photograph in the Subject Posts were altered to remove certain of Plaintiff's copyright management information.

13. Plaintiff is informed and believes that Defendants, and each of them, posted, hosted, displayed and distributed the Subject Photograph without Plaintiff's permission, and did so knowingly.

## FIRST CLAIM FOR RELIEF

(For Copyright Infringement – Against all Defendants, and Each)

14. Plaintiff repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

15. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, had access to the Subject Photograph, including, without limitation, through (a) viewing the Subject Photograph on Plaintiff's website, (b) viewing Subject Photograph online, and (c) viewing the Subject Photograph through a third party. Plaintiff further alleges that the identical nature of the copying establishes access.

16. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, used and distributed images that were unauthorized copies of the Subject Photograph, and exploited said images in at least one website post.

17. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, infringed Plaintiff's copyrights by creating an infringing derivative work from the Subject Photograph and by publishing and displaying the infringing material to the public, including without limitation, through their websites.

18. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, infringed Plaintiff's rights by copying the Subject Photograph without Plaintiff's authorization or consent.

19. Due to Defendants', and each of their, acts of infringement, Plaintiff has suffered general and special damages in an amount to be established at trial.

20. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Plaintiff's rights in the Subject Photograph. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of his rights in the Subject Photograph in an amount to be established at trial.

21. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement. Within the time permitted by law, Plaintiff will make his election between actual damages and statutory damages.

## SECOND CLAIM FOR RELIEF

(For Vicarious and/or Contributory Copyright Infringement – Against all Defendants, and Each)

22. Plaintiff repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

23. Plaintiff is informed and believes and thereon alleges that Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and distribution of the Subject Photograph as alleged hereinabove.

24. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because

1 they had the right and ability to supervise the infringing conduct and because they
2 had a direct financial interest in the infringing conduct.

3     25. By reason of the Defendants', and each of their, acts of contributory and
4 vicarious infringement as alleged above, Plaintiff has suffered and will continue to
5 suffer substantial damages to his business in an amount to be established at trial, as
6 well as additional general and special damages in an amount to be established at trial.

7     26. Due to Defendants' acts of copyright infringement as alleged herein,
8 Defendants, and each of them, have obtained direct and indirect profits they would
9 not otherwise have realized but for their infringement of Plaintiff's rights in the
10 Subject Photograph. As such, Plaintiff is entitled to disgorgement of Defendants'
11 profits directly and indirectly attributable to Defendants' infringement of his rights in
12 the Subject Photograph, in an amount to be established at trial.

13     27. Plaintiff is informed and believes and thereon alleges that Defendants,
14 and each of them, have committed acts of copyright infringement, as alleged above,
15 which were willful, intentional and malicious, which further subjects Defendants, and
16 each of them, to liability for statutory damages under Section 504(c)(2) of the
17 Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00)
18 per infringement. Within the time permitted by law, Plaintiff will make his election
19 between actual damages and statutory damages.

### THIRD CLAIM FOR RELIEF

(For Violations of the Digital Millennium Copyright Act (17 U.S.C. §1202 – Against all Defendants, and Each)

23     28. Plaintiff repeats, re-alleges, and incorporates herein by reference as
24 though fully set forth, the allegations contained in the preceding paragraphs of this
25 Complaint.

26     29. Plaintiff is informed and believes and thereon alleges that Defendants,
27 and each of them, violated 17 U.S.C. §1202(b) by intentionally removing and/or
28

altering the copyright management information, in the form of metadata or visible text attribution, on the copy of the Subject Photograph, and distributing copyright management information with knowledge that the copyright management information had been removed or altered without authority of the copyright owner or the law, and distributing and publicly displaying the material, knowing that copyright management information had been removed or altered without authority of the copyright owner or the law, and knowing, or, with respect to civil remedies under section 1203, having reasonable grounds to know, that the conduct would induce, enable, facilitate, or conceal an infringement of any right under this title.

30. The above conduct is in violation of the Digital Millennium Copyright Act and exposes Defendants, and each of them, to additional and enhanced common law and statutory damages and penalties pursuant to 17 USC § 1203 and other applicable law.

31. Plaintiff is informed and believes and thereon alleges that Defendants, and each of their, conduct as alleged herein was willful, reckless, and/or with knowledge, and Plaintiff resultantly seeks enhanced damage and penalties.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for judgment as follows:

### Against all Defendants, and Each:

With Respect to Each Claim for Relief:

a. That Defendants, and each of them, as well as their employees, agents, or anyone acting in concert with them, be enjoined from infringing Plaintiff's copyrights in the Subject Photograph, including without limitation an order requiring Defendants, and each of them, to remove any content incorporating, in whole or in part, the Subject Photograph from any print, web, or other publication owned, operated, or controlled by any Defendant.

    b. That Plaintiff be awarded all profits of Defendants, and each of them, plus all losses of Plaintiff, plus any other monetary advantage gained by the Defendants, and each of them, through their infringement, the exact sum to be proven at the time of trial, and, to the extent available, statutory damages as available under the 17 U.S.C. § 504, 17 U.S.C. §1203, and other applicable law.

    c. That a constructive trust be entered over any revenues or other proceeds realized by Defendants, and each of them, through their infringement of Plaintiff's intellectual property rights;

    d. That Plaintiff be awarded his attorneys' fees as available under the Copyright Act U.S.C. § 101 et seq.;

    e. That Plaintiff be awarded his costs and fees under the above statutes;

    f. That Plaintiff be awarded statutory and enhanced damages under the statutes set forth above;

    g. That Plaintiff be awarded pre-judgment interest as allowed by law;

    h. That Plaintiff be awarded the costs of this action; and

    i. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

                                        Respectfully submitted,

Dated: August 15, 2017                   By: */s/ Scott Alan Burroughs*
                                                         Scott Alan Burroughs, Esq.
                                                         Trevor W. Barrett, Esq.
                                                         DONIGER / BURROUGHS
                                                         Attorneys for Plaintiff