**DAVIS WRIGHT TREMAINE LLP**
865 S. FIGUEROA ST.
SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
TELEPHONE (213) 633-6800
FAX (213) 633-6899

RACHEL F. STROM (*Pro Hac Vice* application pending)
  rachelstrom@dwt.com
DIANA PALACIOS (State Bar No. 290923)
  dianapalacios@dwt.com

Attorneys for Defendants
PENSKE MEDIA CORPORATION and
HOLLYWOODLIFE.COM, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFERY R. WERNER, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>PENSKE MEDIA CORPORATION, a Delaware Corporation, HOLLYWOODLIFE.COM, LLC, individually and doing business as "HOLLYBABY.COM"; and DOES 1-10,<br><br>Defendants. | Case No. 2:17-cv-06191-FMO-JPR<br>[Assigned to Hon. Fernando M. Olguin]<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT**<br><br>Date:     December 14, 2017<br>Time:    10:00 a.m.<br>Ctrm:    6D<br><br>Action Filed: August 21, 2017 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on December 14, 2017 at 10:00 a.m., in Courtroom 6d of the United States District Court for the Central District of California, located at 350 West First Street, Los Angeles, CA 90012, Defendants Penske Media Corporation ("Penske") and Hollywoodlife.com, LLC ("Hollywoodlife") (collectively, "Defendants") will and hereby do move to dismiss Penske as a defendant from this action and to dismiss, in its entirety, the second claim for vicarious and/or contributory copyright infringement, and, in its entirety, the third claim for violations of the Digital Millennium Copyright Act from the Complaint filed by Plaintiff Jeffery R. Werner ("Plaintiff").

Plaintiff claims that he took a photograph of a young girl in Thailand with a rare condition known as Ambras syndrome (the "Photo"), which Plaintiff claims Defendants posted on "their" websites, hollywoodlife.com and hollybaby.com. For this, he brought three claims against both Defendants for (1) copyright infringement, (2) vicarious and/or contributory copyright infringement, and (3) violation of the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 1202(b).

This Motion is made pursuant to Federal Rule of Civil Procedure 12(b)(6) because:

(1) Penske is not a proper defendant in this action as the Photo was allegedly used on websites that are controlled by Defendant Hollywoodlife – not Defendant Penske. Plaintiff cannot hold Penske responsible for any infringements merely because it is Hollywoodlife's parent corporation;

(2) As to the claim for vicarious and/or contributory copyright infringement, Plaintiff has failed to make factual allegations that there was any infringement by a third party or how Defendants allegedly caused, induced, or materially contributed to or directly financially benefitted from that third party infringement; and

DEFENDANTS' MOTION TO DISMISS
4835-7914-4020v.1 0109845-000002

1

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

(3) For the DMCA claim, Plaintiff has failed to plead and prove that Defendants "intentionally" removed and/or altered copyright management information from the photo at issue or distributed the photo while "'knowing' copyright information has been improperly removed or altered and 'knowing' it will 'induce, enable, facilitation or conceal an infringement.'" 17 U.S.C. § 1202(b). *See* Memorandum, Section III.

This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on November 6, 2017.

This Motion is based on the Notice of Motion, the attached Memorandum of Points and Authorities, Request for Judicial Notice, all other matters of which this Court may take judicial notice, the pleadings, files, and records in this action, and on such other argument as may be heard by this Court.

DATED: November 13, 2017

DAVIS WRIGHT TREMAINE LLP
RACHEL F. STROM (*Pro Hac Vice* application pending)
DIANA PALACIOS

By: _____*/s/ Diana Palacios*_____
     Diana Palacios

Attorneys for Defendants
PENSKE MEDIA CORPORATION and
HOLLYWOODLIFE.COM, LLC

2

DEFENDANTS' MOTION TO DISMISS
4835-7914-4020v.1 0109845-000002

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ................................................................................................ 1
II. ALLEGATIONS IN FACTS ............................................................................... 2
    A. The Parties .................................................................................................. 2
    B. Alleged Infringement and this Action ....................................................... 2
III. ARGUMENT ....................................................................................................... 3
    A. Penske Is Not a Proper Defendant In This Action. ................................... 4
    B. The Complaint Fails to State a Claim For Contributory or Vicarious Copyright Infringement. ........................................................... 6
    C. Plaintiff Has Failed to Adequately Allege a DMCA Claim ..................... 8
IV. CONCLUSION .................................................................................................. 11

i

DEFENDANTS' MOTION TO DISMISS
4835-7914-4020v.1 0109845-000002

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) .................................................................................... *passim*

*Bell Atlantic Corp. Twombly*,
  550 U.S. 544 (2007) .................................................................................... *passim*

*Bowoto v. Chevron Texaco Corp.*,
  312 F. Supp. 2d 1229 (N.D. Cal. 2004) ................................................................ 4

*DeLeon v. Wells Fargo Bank, N.A.*,
  2011 WL 311376 (N.D. Cal. Jan. 28, 2011) ........................................................ 9

*Freeney v. Bank of Am. Corp.*,
  2015 WL 4366439 (C.D. Cal. July 16, 2015) ...................................................... 4

*Geophysical Serv., Inc. v. TGS-NOPEC Geophysical Co.*,
  850 F.3d 785 (5th Cir. 2017) ............................................................................... 10

*Gilliland v. Chase Home Fin., LLC*,
  2014 WL 325318 (E.D. Cal. Jan 29, 2014) .......................................................... 9

*Hokama v. E.F. Hutton & Co., Inc.*,
  566 F. Supp. 636 (C.D. Cal. 1983) ...................................................................... 5

*Huber v. City of Beverly Hills, Cal.*,
  2013 WL 1829763 (C.D. Cal. Mar. 19, 2013) ..................................................... 9

*Imageline, Inc. v. CafePress.com, Inc.*,
  2011 WL 1322525 (C.D. Cal. Apr. 6, 2011) ........................................................ 5

*In re Gilead Scis. Secs. Litig.*,
  536 F.3d 1049 (9th Cir. 2008) .............................................................................. 4

*L.A. Printex Indus., Inc. v. T.J. Maxx of Cal., LLC*,
  2010 WL 11519577 (C.D. Cal. Jan. 11, 2010) ..................................................... 7

*Lancaster v. Alphabet Inc.*,
  2016 WL 3648608 (N.D. Cal. July 8, 2016) .................................................... 5, 6

ii

DEFENDANTS' MOTION TO DISMISS
4835-7914-4020v.1 0109845-000002

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

*Masck v. Sports Illustrated*,
   2014 WL 12658971 (E.D. Mich. Mar. 10, 2014) .................................................. 9

*Millman v. Inglish*,
   461 Fed. App'x 627 (9th Cir. 2011) ................................................................... 10

*Morgan v. Associated Press*,
   2016 WL 6953433 (C.D. Cal. Mar. 16, 2016) .................................................... 10

*Muench Photography, Inc. v. Pearson Educ., Inc.*,
   2013 WL 6172953 (N.D. Cal. Nov. 25, 2013) ................................................. 6, 7

*Nakada + Assocs., Inc. v. City of El Monte*,
   2017 WL 2469977 (C.D. Cal. June 2, 2017) ....................................................... 3

*Perfect 10, Inc. v. Amazon.com, Inc.*,
   508 F.3d 1146 (9th Cir. 2007) ............................................................................. 6

*Perfect 10, Inc. v. Visa Int'l Serv. Ass'n*,
   494 F.3d 788 (9th Cir. 2007) ............................................................................... 6

*Richteck Tech. Corp. v. UPI Semiconductor Corp.*,
   2011 WL 166198 (N.D. Cal. Jan. 18, 2011) ........................................................ 3

*Solis v. City of Fresno*,
   2012 WL 868681 (E.D. Cal. Mar. 13, 2012) ....................................................... 7

*Tanedo v. E. Baton Rouge Parish Sch. Bd.*,
   2012 WL 5447959 (C.D. Cal. Oct. 4, 2012) ........................................................ 9

*Tarantino v. Gawker Media, LLC*,
   2014 WL 2434647 (C.D. Cal. Apr. 22, 2014) .................................................. 6, 8

*United States v. Bestfoods*,
   524 U.S. 51 (1998) ............................................................................................... 4

*Wolf v. Travolta*,
   167 F. Supp. 3d 1077 (C.D. Cal. 2016) ............................................................... 2

**Statutes**

17 U.S.C.
   § 1202 ........................................................................................................*passim*

iii

DEFENDANTS' MOTION TO DISMISS
4835-7914-4020v.1 0109845-000002

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

**Rules**

Federal Rules of Civil Procedure
8 ............................................................................................................................. 3, 9, 10
9 ............................................................................................................................................ 9
12(b)(6) ............................................................................................................................ 1, 4

DEFENDANTS' MOTION TO DISMISS
4835-7914-4020v.1 0109845-000002

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Plaintiff Jeffery R. Werner ("Plaintiff") has brought this lawsuit for what amounts to a simple claim for copyright infringement. Plaintiff claims that he "owns a photograph" of a young girl in Thailand with a rare condition known as Ambras syndrome (the "Photo"). Plaintiff then claims Defendants Penske Media Corporation ("Penske") and Hollywoodlife.com, LLC d/b/a Hollybaby.com ("Hollywoodlife") (collectively, "Defendants") posted that Photo on "their" websites over six years ago. In an apparent effort to gin up some more money based on this simple claim, Plaintiff has added an improper Defendant and unnecessary claims without any factual allegations in support.[1]

Specifically, the alleged infringement occurred on websites that, at all relevant times, were owned by Hollywoodlife – hollywoodlife.com and Hollybaby.com. But, Plaintiff has brought claims against Hollywood's parent corporation, Penske, without a single factual allegation of wrongdoing by Penske. The mere fact that Penske is the parent corporation of Hollywoodlife is insufficient to make it liable for Hollywoodlife's alleged wrongdoing.

Further, the claims for contributory and/or vicarious infringement should be dismissed for two reasons. As a preliminary matter, the Complaint does not specify any third party infringement that the Defendants contributed to. And, the Complaint is devoid of factual allegations demonstrating that Defendants induced or materially contributed to that infringement or had a direct financial interest in that infringement.

Finally, Plaintiff seeks to hold Defendants liable for a provision of the Digital Millennium Copyright Act ("DMCA") that prohibits "intentionally" removing or altering copyright management information or distributing works while "knowing,

---

[1] Hollybaby.com is now defunct, and has been for three years.

1

DEFENDANTS' MOTION TO DISMISS
4835-7914-4020v.1 0109845-000002

Davis Wright Tremaine LLP
865 S. Figueroa St, Suite 2400
Los Angeles, California 90017-2566
(213) 633-6800
Fax: (213) 633-6899

or, . . . having reasonable grounds to know, that it will induce, enable, facilitate, or conceal an infringement of any right under this title." 17 U.S.C. § 1202(b). But the claim fails under *Bell Atlantic Corp. Twombly*, 550 U.S. 544 (2007) because Plaintiff did not allege what specific copyright information Defendants removed, or how they distributed the Photo while knowing that it would facilitate further infringement.

At bottom, Defendants ask only that this Court ensure this case is litigated for what it truly is – a copyright infringement case against Hollywoodlife for a six year old infringement. This Court should dismiss Penske from this case along with the second and third claims in their entirety.

## II. ALLEGATIONS IN FACTS

### A. The Parties

Plaintiff alleges he is the copyright owner of the Photo, which depicts "a young girl in Thailand with a rare genetic condition known as Ambras syndrome – causing her to grow hair on her face." Compl. ¶ 9.

Hollywoodlife is a Delaware limited liability company that operates the website hollywoodlife.com and used to operate the now-defunct hollybaby.com. *Id*. ¶¶ 6, 10. Penske is a Delaware corporation, and is the parent corporation of Defendant Hollywoodlife. *Id*. ¶ 7; Request for Judicial Notice, Exs. A, B.

### B. Alleged Infringement and this Action

Plaintiff claims that over six years ago, well beyond the statute of limitations for copyright claims, the Photo was published on the websites of hollywoodlife.com and hollybaby.com in connection with articles about the young girl in Thailand. Compl. ¶ 10, 11.[2]

---

[2] Defendants can only be held liable for any "acts of infringement committed within three years prior to [a plaintiff's] lawsuit." *Wolf v. Travolta*, 167 F. Supp. 3d 1077, 1099 (C.D. Cal. 2016) (No liability for publication of allegedly infringing document in 2010 that "<u>remained</u> on defendant's website" as that "does not give rise

2

DEFENDANTS' MOTION TO DISMISS
4835-7914-4020v.1 0109845-000002

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

On August 21, 2017, Plaintiff filed this action against Defendants, alleging three causes of action: (1) copyright infringement, (2) contributory and/or vicarious copyright infringement, and (3) violations of the DMCA, 17 U.S.C. § 1202.  For this, Plaintiff seeks an injunction ordering Defendants to remove the Photo from their websites, a constructive trust to be entered over any proceeds realized by Defendants, statutory damages, additional damages and their attorney's fees. *See* Compl., *generally*.

### III.   ARGUMENT

Plaintiff's Complaint as against Defendant Penske cannot withstand a motion to dismiss.  Similarly, Plaintiff's tag-along claims for a violation of the DMCA and for contributory and/or vicarious copyright infringement should be dismissed at the outset.  Under F.R.C.P. 8(a)(2), a complaint must include a "short and plain statement of the claim," showing that the pleader is entitled to relief and giving the defendant "fair notice of what the … claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555.  This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Richteck Tech. Corp. v. UPI Semiconductor Corp.*, 2011 WL 166198, *2 (N.D. Cal. Jan. 18, 2011) (quoting *Twombly*, 550 U.S. at 545).

---

to a discrete claim accruing within the three-year [statute of limitations] window"). Defendants cannot now, six years later, be held responsible for the original posting of the Photo, which was reasonably discoverable over three years ago.  *See Nakada + Assocs., Inc. v. City of El Monte*, 2017 WL 2469977, at *3 (C.D. Cal. June 2, 2017) (no liability for posting of video in 2011 when the complaint was filed in 2016).  Thus, the statute of limitations will ultimately bar any damage award for Plaintiff's claim.

DEFENDANTS' MOTION TO DISMISS
4835-7914-4020v.1 0109845-000002

3

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

A motion to dismiss under F.R.C.P. 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint; to avoid dismissal, a complaint must contain sufficient factual allegations that "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Indeed, a complaint should be dismissed where, as here, it fails to allege "enough facts to state a claim for relief that is plausible on its face." *Twombly*, 550 U.S. at 570. While a court must accept factual allegations as true, a court does not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). Here, Plaintiff has not alleged any facts to support its claims against Hollywoodlife's parent corporation – or facts to support anything but its simple claim for copyright infringement.

**A.   Penske Is Not a Proper Defendant In This Action.**

Preliminarily, Penske must be dismissed from this action because the only thing it allegedly did here is act as the parent corporation to Hollywoodlife. As a matter of law, that relationship is not a sufficient basis to keep it in this case.

"It is a general principle of corporate law deeply ingrained in our economic and legal systems that a parent corporation … is not liable for the acts of its subsidiaries." *United States v. Bestfoods*, 524 U.S. 51, 61 (1998) (internal quotation marks omitted). "Only in unusual circumstances will the law permit a parent corporation to be held either directly or indirectly liable for the acts of its subsidiary." *Freeney v. Bank of Am. Corp.*, 2015 WL 4366439, at *15 (C.D. Cal. July 16, 2015) (quoting *Bowoto v. Chevron Texaco Corp.*, 312 F. Supp. 2d 1229, 1234 (N.D. Cal. 2004)). "In order for a court to pierce the corporate veil and hold a parent company liable for the actions of its subsidiaries, there must be an injustice that results from the illusory nature of the corporate separateness." *Lancaster v. Alphabet Inc.*, 2016 WL 3648608, at *7 (N.D. Cal. July 8, 2016) (citations omitted).

4
DEFENDANTS' MOTION TO DISMISS
4835-7914-4020v.1 0109845-000002

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

*Lancaster* is instructive here. There, the plaintiff alleged a copyright claim against YouTube, Google, and their parent company Alphabet, who moved to dismiss as an improper defendant. The court granted the motion, holding that "Plaintiff does not make any specific allegations against Alphabet, Inc., and provides no reason for the Court to depart from the 'deeply ingrained' principle that a parent company is not liable for the wrongs of its subsidiaries." 2016 WL 3648608, at *7. The same reasoning applies here.

Plaintiff makes no specific factual allegation against Penske. Indeed, Plaintiff has not attributed any of the alleged infringements directly to Penske, stating only that "Defendants published and hosted posts on their websites, **hollywoodlife.com and hollybaby.com**, that incorporated unauthorized copies of the Subject Photograph." Compl. ¶ 10 (emphasis added). But these websites are operated by Hollywoodlife, *not* Penske. *Id*. ¶ 6. And Plaintiff asserts no additional facts that would allow the Court to hold Penske liable for what its subsidiary is alleged to have done. Plaintiff does not—and could not—allege that Hollywoodlife is merely the "alter ego" of Penske.[3] Nor could Plaintiff allege that the formation of Penske as a corporate entity separate from Hollywoodlife was in and of itself

---

[3] While Plaintiff alleges that "Defendants was [sic] the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants" (Compl. ¶ 8), these vague, conclusory allegations are insufficient. *See Hokama v. E.F. Hutton & Co., Inc.*, 566 F. Supp. 636, 647 (C.D. Cal. 1983) (rejecting "bland[]" allegations that some defendants "are 'alter egos' of other defendants accused of committing primary violations. . . Conclusory allegations of alter ego status such as those made in the present complaint are not sufficient"); *Imageline, Inc. v. CafePress.com, Inc*., 2011 WL 1322525, at *4 (C.D. Cal. Apr. 6, 2011) ("The only allegations made by Imageline—that each defendant was the 'agent, partner, servant, supervisor, employee, successor and/or joint venturer of each of the remaining defendants and was at all time ... acting within the course and scope, and purpose of said agency, employment, business enterprise and joint venture,' are nothing more than legal conclusions of the type prohibited by *Iqbal* and *Twombly*").

5

DEFENDANTS' MOTION TO DISMISS
4835-7914-4020v.1 0109845-000002

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

fraudulent or contrary to law. Thus, Penske cannot be held responsible for the alleged wrongdoing of its subsidiary, and it should be dismissed as a defendant.

### B. The Complaint Fails to State a Claim For Contributory or Vicarious Copyright Infringement.

To assert a contributory infringement claim, the plaintiff must allege that the defendant "(1) has knowledge of another's infringement and (2) either (a) materially contributes to or (b) induces that infringement." *Perfect 10, Inc. v. Visa Int'l Serv. Ass'n*, 494 F.3d 788, 795 (9th Cir. 2007) (affirming dismissal of plaintiff's contributory infringement claim). To state a claim for vicarious infringement, a plaintiff must allege that Defendants have "(1) the right and ability to supervise the infringing conduct and (2) a direct financial interest in the infringing activity." *Id.* at 802. "Without factual allegations describing in greater detail the instances of [defendant] inducing, causing, facilitating, or materially contributing to third-party infringement, 'the [C]omplaint does not permit the Court to infer more than the mere possibility of [defendant's] misconduct.'" *Muench Photography, Inc. v. Pearson Educ., Inc.*, No. 13-CV-03937-WHO, 2013 WL 6172953, at *6 (N.D. Cal. Nov. 25, 2013) (dismissing plaintiff's contributory infringement claim).

In addition, "Plaintiff must first establish direct infringement by third parties because secondary liability cannot exist in the absence of direct infringement by a third party." *Tarantino v. Gawker Media, LLC*, 2014 WL 2434647, at *3 (C.D. Cal. Apr. 22, 2014) (citations omitted). *See also Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146, 1173 n.13 (9th Cir. 2007) ("'[s]econdary liability for copyright infringement (such as contributory liability) does not exist in the absence of direct infringement by a third party.'")

Here, Plaintiff's contributory infringement claim fails for the fundamental reason that he has not even alleged any direct infringement by a third party. The only infringement alleged in the Complaint is the use of the Photo on the websites

6

DEFENDANTS' MOTION TO DISMISS
4835-7914-4020v.1 0109845-000002

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Hollybaby.com and Hollywoodlife.com. Compl. ¶¶ 10-11. But Plaintiff is seeking to hold Defendants liable for *direct* copyright infringement for that precise conduct. *Id.* ¶¶ 14-20. Thus, because Plaintiff does not allege what third party infringement Defendants contributed to, the second claim must be dismissed in its entirety.

Moreover, Plaintiff's claim for contributory and vicarious infringement fails because their allegations do nothing more than parrot the bare elements of that claim. Specifically, Plaintiff alleges that:

> 23. Plaintiff is informed and believes and thereon alleges that Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and distribution of the Subject Photograph as alleged hereinabove.
>
> 24. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct.

Compl. ¶ 23-24. Plaintiff's allegations in support of this contributory/vicarious infringement claim consists of nothing more than the exact type of legal conclusions that courts find to be impermissible. *See, e.g. L.A. Printex Indus., Inc. v. T.J. Maxx of Cal., LLC*, 2010 WL 11519577, at *4 (C.D. Cal. Jan. 11, 2010) (dismissing contributory and vicarious liability claims for copyright infringement because the allegations were "'formulaic recitation of the elements of a cause of action" that the Supreme Court rejected in *Twombly*. 550 U.S. at 555.").

Finally, even the threadbare allegations Plaintiff does make are only made "upon information and belief," Compl. ¶¶ 18-19, 33-34, which are insufficient to survive a motion to dismiss as a matter of law. *See Tarantino*, 2014 WL 2434647, at *5. *See also Muench Photography*, 2013 WL 6172953, at *6 (plaintiff cannot plead "on information and belief" without providing fact to support its allegations) (dismissing contributory infringement claim); *see also Solis v. City of Fresno*, No.

DEFENDANTS' MOTION TO DISMISS
4835-7914-4020v.1 0109845-000002

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

11-CV-00053, 2012 WL 868681, at *8 (E.D. Cal. Mar. 13, 2012) ("In the post *Twombly* and *Iqbal* era, pleading on information and belief, without more, is insufficient to survive a motion to dismiss for failure to state a claim.").

In fact, this case is much like *Tarantino v. Gawker Media, LLC*. There, the court dismissed a contributory infringement claim, in part, because "nowhere …. in the Complaint does Plaintiff allege a single act of direct infringement committed by any member of the general public that would support Plaintiff's claim for contributory infringement." *Id.* 2014 WL 2434647, at *4. The *Tarantino* complaint specifically failed "to allege the identity of a single third-party infringer, the date, the time, or the details of a single instance of third-party infringement." *Id.* Similarly here, Plaintiff's complaint does not allege any specific third party infringement – not one date or one name of any third party infringer. And, "more importantly," as the *Tarantino* court held, Plaintiff here has not alleged "how Defendant allegedly caused, induced, or materially contributed to the infringement by those third parties." *Id.*

Thus, just as in *Tarantino*, Plaintiff's basic recitation of the elements based on "information and belief" is insufficient to allege a claim for contributory or vicarious infringement. The claim should be dismissed in its entirety.

### C. Plaintiff Has Failed to Adequately Allege a DMCA Claim.

Plaintiff has also failed to adequately plead its third cause of action – a violation of the DMCA's prohibition on altering or removing copyright management information. Section 1202(b) of the DMCA "prohibits (1) 'intentionally' removing or altering copyright management information, (2) distributing or importing copyright information 'knowing' it has been improperly removed or altered, or (3) distributing or importing copies of works 'knowing' copyright information has been improperly removed or altered and 'knowing' it will 'induce, enable, facilitation or conceal an infringement.'" *Masck v. Sports Illustrated*, No. 13-10226, 2014 WL 12658971, at *4 (E.D. Mich. Mar. 10, 2014).

8

DEFENDANTS' MOTION TO DISMISS
4835-7914-4020v.1 0109845-000002

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

But, Plaintiff's allegations on this claim also fall far short of meeting the *Twombly* standard.

As a preliminary matter, Plaintiff does not even allege which prong of Section 1202(b) Defendants allegedly violated. It is unclear if Plaintiff claims Defendants themselves removed copyright management information, as required by 1202(b)(1) or if they distributed the Photo "knowing" that copyright information was improperly removed as set forth in 1202(b)(3).

More than that, Plaintiff has failed to allege any facts to show that Defendants *intentionally* or *knowingly* did anything. The Supreme Court has specifically instructed that the plausibility requirement set forth in *Twombly* includes pleading of "malice, intent, knowledge, or other conditions of a person's mind." *Iqbal*, 556 U.S. at 686-87 ("Rule 9 merely excuses a party from pleading [malice] under an elevated pleading standard. It does not give him license to evade the less rigid – though still operative – strictures of Rule 8"); *see Huber v. City of Beverly Hills, Cal.*, 2013 WL 1829763, at *12 (C.D. Cal. Mar. 19, 2013) ("Plaintiff's bare allegation that Coulter 'intentionally' omitted relevant information from the official report merely repeats an element required to state a malicious prosecution claim and fails to satisfy *Iqbal*"); *Tanedo v. E. Baton Rouge Parish Sch. Bd.*, 2012 WL 5447959, at *9 (C.D. Cal. Oct. 4, 2012) ("Defendant has not pleaded any facts to make plausible the claim that, at the time Plaintiffs entered into the recruiting contracts, they had no intention of honoring them . . . This is insufficient under Rule 8"); *DeLeon v. Wells Fargo Bank, N.A.*, 2011 WL 311376, at *8 (N.D. Cal. Jan. 28, 2011) ("Plaintiffs must still plead facts establishing scienter with the plausibility required under Rule 8(a)"); *Gilliland v. Chase Home Fin., LLC*, 2014 WL 325318, at *6 (E.D. Cal. Jan 29, 2014) (dismissing intentional misrepresentation claim based on conclusory allegations "because Plaintiff provides no facts from which the Court can infer intent or knowledge"). Thus, as the Ninth Circuit has made clear: "Mere

9

DEFENDANTS' MOTION TO DISMISS
4835-7914-4020v.1 0109845-000002

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

conclusions of intent are insufficient." *Millman v. Inglish*, 461 Fed. App'x 627, 628 (9th Cir. 2011).

Courts have applied these principles to dismiss DMCA claims where, as here, plaintiffs only made conclusory allegations in support of their claims. *See Geophysical Serv., Inc. v. TGS-NOPEC Geophysical Co.*, 850 F.3d 785, 800 (5th Cir. 2017) (affirming district court dismissal of plaintiff's claim for removing copyright management information, which was dismissed "because its allegations in support of those claims were speculative and conclusory"); *Morgan v. Associated Press*, 2016 WL 6953433, at *3 (C.D. Cal. Mar. 16, 2016) ("because a formulaic recitation of the elements of a cause of action, including allegations regarding a defendant's state of mind, are not sufficient to satisfy Rule 8, the Court grants the Perseus Defendants' motion to dismiss the [Section 1202(b)] claim"); *Masck*, 2014 WL 12658971, at *4 (amended complaint futile because it made "only a conclusory allegation with no factual basis for this Court to plausibly infer actual knowledge under the DMCA").

Here, in direct violation of *Iqbal* and *Twombly*, Plaintiff pleads he is "informed and believes" the Defendants "violated 17 U.S.C. §1202(b) by intentionally removing and/or altering the copyright management information, in the form of metadata or visible text attribution, . . . having reasonable grounds to know, that the conduct would induce, enable, facilitate, or conceal an infringement of any right under this title."[4]  Compl. ¶ 29.  This allegation is nothing more than "a formulaic recitation of the elements of [the] cause of action," which "will not do." *Twombly*, 550 U.S. at 555.  More than that, Plaintiff even fails to allege facts to show that the Photo contained *any* copyright management information – he only vaguely alleges that "metadata or visible text attribution" was "removed and/or altered" without identifying the copyright information.  Compl. ¶ 29.

---

[4] For the reasons stated above, Plaintiff's allegations are also insufficient because they are based on "information and belief."  *See* Section III.B.

10

DEFENDANTS' MOTION TO DISMISS
4835-7914-4020v.1 0109845-000002

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Simply put, there is nothing in the Complaint from which this Court could even *infer* that the Defendants acted intentionally and knowingly in any manner in altering any copyright management information.  Because Plaintiff makes only conclusory allegations, with no factual basis to suggest a plausible claim, the Court should dismiss Plaintiff's DMCA claim.

## IV. CONCLUSION

For all the foregoing reasons, Defendants, therefore, respectfully request that this Court grant its motion to dismiss Penske as a defendant and dismiss the second and third claims from the Complaint in their entirety.

DATED: November 13, 2017

DAVIS WRIGHT TREMAINE LLP
RACHEL F. STROM (*Pro Hac Vice* application pending)
DIANA PALACIOS

By: /s/ Diana Palacios
Diana Palacios

Attorneys for Defendants
PENSKE MEDIA CORPORATION and
HOLLYWOODLIFE.COM, LLC

DEFENDANTS' MOTION TO DISMISS
4835-7914-4020v.1 0109845-000002

11

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899